UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**CHIKITA BLEDSOE**        ]
    Plaintiff,        ]
                           ]
v.                         ]    No. 3:13-0564
                           ]    Judge Sharp
**DERRICK SCHOLFIELD, et al.** ]
    Defendants.       ]

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Tennessee Prison for Women in Nashville. She brings this action pursuant to 42 U.S.C. § 1983 against Derrick Scholfield, Commissioner of the Tennessee Department of Correction (TDOC); Jim Dickman and Reuben Hodge, Assistant Commissioners of TDOC; Debra Johnson and Jewel Steele, Wardens at the Tennessee Prison for Women; and three members of the prison staff; seeking damages.

The plaintiff is a diabetic who also suffers from Lupus, seizures, chest pain and shortness of breath. She seems to suggest that the medical staff at the Tennessee Prison for Women have failed to provide her with adequate medical care for her maladies.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived her of some right or privilege secured by the Constitution or laws of the United States. <u>Parratt</u>

v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, the plaintiff has submitted as exhibits to the complaint numerous documents showing that she has, in fact, been seen and treated for her medical conditions. As a consequence, the defendants have not been deliberately indifferent to the plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.

The plaintiff claims that she has been the victim of medical negligence. Docket Entry No.1 at pg.11. When a prisoner has received some medical attention and her claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, she has failed to state a claim upon which relief can be granted. When

a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge